IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTHONY DUANE MILLS**                                                              **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 5:18-cv-24-KS-MTP**

**ADAMS COUNTY, MISSISSIPPI**
**and TRAVIS PATTEN**                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants Adams County and Travis Patten's Motion [40] for Summary Judgment. Having carefully considered the submissions, the record, and the applicable law, the undersigned recommends that the Motion [40] be granted and this action be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis,* filed this civil rights lawsuit on March 2, 2018. Plaintiff was incarcerated at the Adams County Jail but has since been released and lives in Natchez, Mississippi. The Court held a *Spears*[1] hearing on July 26, 2018 to clarify Plaintiff's claims, and only those issues identified in the Court's Omnibus Order [28] remain.

Plaintiff claims that on March 2, 2016, he was raped by Walter Mackel, who was a deputy at the Adams County Sherriff Department. Around October of 2016, Plaintiff allegedly made posts on social media, and instructed others to make posts on social media, discussing the alleged rape by Mackel.

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931 (5th Cir. 2010) (holding that allegations made at a *Spears* hearing supersede the complaint).

Plaintiff claims that Defendant Patten, the Sheriff of Adams County, retaliated against him because of the allegations that Plaintiff made against Mackel. Plaintiff alleges that Defendant Patten arranged to have him mentally evaluated, and that as a result of a commitment hearing, he was committed to a state mental facility.

On October 26, 2016 the Chancery Court of Adams County ordered Plaintiff committed to a state hospital. *See* Chancery Record [44] at 19-20. On November 16, 2016 the Chancery Court ordered that Plaintiff be held by law enforcement in Adams County until a bed became available for him at the state hospital. *Id*. at 22. Plaintiff was taken into custody on November 17, 2016. Officers searched Plaintiff's house and found a weapon.[2] Plaintiff was then taken into custody and held at the Adams County Jail until he was transported to the state hospital. Plaintiff was released from the state hospital on December 15, 2016. *Id*. at 24.

According to Plaintiff, just days after he was released from the hospital, on January 1, 2017, he was arrested for felon in possession of a firearm and held in the Adams County Jail.[3] He posted bond and was released on February 3, 2017. He was indicted for the gun charge and then arrested in June of 2017 for allegedly harassing and cyberstalking his ex-wife. As a result of these arrests, Plaintiff was held in jail for over a year until June 1, 2018, when the gun charge was dismissed.

Plaintiff sues Defendant Patten because he retaliated against him for alleging that Mackel raped him. Purportedly, Defendant Patten retaliated by having Plaintiff mentally evaluated, having him sent to the state hospital, and having him put in jail on "false charges." He sues Defendant Adams County because he claims that Defendant Patten represents the County and

---

[2] Plaintiff claims the weapon belonged to his brother.

[3] According to Plaintiff, officers will claim that he pointed the gun at them during his arrest despite the fact that he did not.

they are responsible for his actions.  Defendant Patten and Defendant Adams County moved for summary judgment on December 11, 2018.  Plaintiff did not respond to the summary judgment motion.

## ANALYSIS

*Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted).  The Court must view the evidence in the light most favorable to the non-moving party.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof."  *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).  "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'"  *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

*Defendant Patten*

Plaintiff sues Defendant Patten for allegedly retaliating against him for exercising his right to free speech under the First Amendment of the United States Constitution by discussing and publishing on social media that another law enforcement officer allegedly raped him. This purported retaliation occurred when Plaintiff was involuntarily committed to the state hospital, arrested for being a felon in possession of a firearm, and arrested for cyberstalking and harassing his ex-wife. Defendant Patten argues that he is entitled to summary judgment because he had no direct involvement in any of the alleged retaliatory actions and he is entitled to immunity. Plaintiff has not responded to these arguments.

To assert a claim under 42 U.S.C. § 1983 a plaintiff must show that the defendant had personal involvement in the civil rights violation. *Delaughter v. Woodall*, 909 F.3d 130, 136-67 (5th Cir. 2018) (citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). "Supervisory officials cannot be held liable under section 1983 for the actions of subordinates… on any theory of vicarious or *respondeat superior* liability." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Therefore, to succeed on his retaliation claim against Defendant Patten, Plaintiff must allege a set of facts in which Defendant Patten personally took actions to deny Plaintiff his constitutional rights.

The undisputed summary judgment evidence, however, shows that Defendant Patten was not personally involved in any of the complained of activities. The commitment action was initiated by Walter Mackel, who filed an affidavit stating that Plaintiff was mentally ill and likely to harm himself or others. *See* Chancery Court R. [44] at 4. A writ was then issued on October 26, 2016 by the Chancery Court of Adams County to take Plaintiff into custody for a mental evaluation. *Id*. at 7. Plaintiff was later discharged from the Mississippi State Hospital to receive

less restrictive treatment elsewhere. *Id*. at 24. The evidence of record shows that none of the events surrounding Plaintiff's involuntary commitment included personal action taken by Defendant Patten, and Plaintiff has not rebutted the summary judgment evidence produced by Defendants.

The next incident, Plaintiff's arrest for possession of a firearm, similarly did not involve Defendant Patten.[4] An affidavit to support the felon in possession charge was submitted on December 27, 2016 by Major Jerry Brown. *See* [40-4]. A grand jury then indicted Plaintiff on this charge on January 9, 2017. *See* [40-7] at 1. Later, the State moved for an entry of *nolle prosequi*, which the Adams County Circuit Court granted on May 24, 2018 and the gun charge was dismissed. *Id*. at 4-5. Nothing in the record demonstrates any action taken by Defendant Patten in relation to this gun charge, and Plaintiff does not allege any facts that would create such a connection.

Plaintiff further alleges that he was arrested on stalking charges in retaliation for speaking out about his rape. Plaintiff's ex-wife submitted an affidavit on May 23, 2017 stating that Plaintiff was threatening and harassing her. *See* [40-6] at 155. Plaintiff was then arrested for telephone harassment and cyberstalking on June 6, 2017 by Officer Walter Mingee based upon the ex-wife's affidavit and a warrant issued by the Franklin County Justice Court. *Id*. at 16, 160. Plaintiff has not shown how Defendant Patten was in any way connected to these charges of harassment and cyberstalking. Because the undisputed summary judgment evidence shows that Defendant Patten was not personally involved in any of these alleged retaliatory actions, apart from his supervisory role as the Adams County Sheriff, Plaintiff cannot demonstrate an essential

---

[4] When Plaintiff was taken into custody in relation to his involuntary commitment, officers found a gun in his possession. It is disputed whether he pointed the gun at the officers.

element of his § 1983 claim against Defendant Patten and summary judgment should be granted in Defendant Patten's favor.

***Defendant Adams County***

Plaintiff sues Adams County, Mississippi because Defendant Patten is an employee of the county as its Sheriff. The County has moved for summary judgment arguing that Plaintiff cannot establish the elements of a 42 U.S.C. § 1983 claim for municipal liability. Plaintiff has not responded to this argument.

When suing a local government for a violation of § 1983, a plaintiff must show that the policy or custom of the local government inflicted a constitutional injury. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable under a respondeat superior theory. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 121 (1992). "[L]ocal government may not be sued under § 1983 for an injury solely inflicted by its employees or agents. Instead, it is when execution of government policy or custom…. inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. At summary judgment, "a plaintiff making a direct claim of municipal liability must demonstrate a dispute of fact as to three elements: that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 395 (5th Cir. 2017).

Plaintiff has not argued that Defendant Adams County promulgated an official policy that led to these alleged retaliatory actions. At the *Spears* hearing, Plaintiff testified that "[b]eing the sheriff (referring to Defendant Patten), sometimes in his job he represents the county, and other times he represents that State of Mississippi, I feel like at this, at this time, during this stuff, he was representing the county." Hearing Transcript [40-1] at 27. Plaintiff did not testify that

6

Defendant Adams County maintained a policy that resulted in his involuntary commitment or his arrests. It appears, from the record, that Plaintiff has only sued Adams County because it employed Defendant Patten. But respondeat superior is not a basis for § 1983 lawsuit. *Collins*, 503 U.S. at 121. Under the facts presented, Plaintiff has not alleged facts necessary to demonstrate a claim for municipal liability; therefore, Defendant Adams County should be granted summary judgment.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends granting Defendants' Motion [40] for Summary Judgment and dismissing this action with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 17th day of July, 2019

s/ Michael T. Parker
United States Magistrate Judge